In re:                                                          Case No. 15-00045-HWV
Norman E. Gamble                                                Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1        User: TWilson        Page 1 of 1        Date Rcvd: Feb 13, 2018
                           Form ID: pdf010       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2018.
db            +Norman E. Gamble,   16001 Path Valley Road,   Willow Hill, PA 17271-9709

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2018                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2018 at the address(es) listed below:
          Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
          James  Warmbrodt    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
          John F Goryl    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
          John W Frey    on behalf of Debtor 1 Norman E. Gamble john@dsslawyers.com,  emmalee@dsslawyers.com
          Joshua I Goldman    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com,
          bkgroup@kmllawgroup.com
          Richard L. Bushman    on behalf of Debtor 1 Norman E. Gamble tammy@rbushmanlaw.com
          Thomas I Puleo    on behalf of Creditor   M&T BANK tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                              TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: NORMAN E. GAMBLE, | : | Chapter 13 |
| a/k/a NORMAN ERWIN GAMBLE, | : | Case No. 1:15-bk-00045-HWV |
| Debtor | : | Motion to Convert |

**ORDER TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 7**

Upon consideration of the Debtor's Motion, filed in accordance with 11 U.S.C. § 1307(a), seeking to convert this case under Chapter 13 to a case under Chapter 7 of the Bankruptcy Code (Title 11 of the United States Code), the Court finds that said Motion should be granted.

IT IS ORDERED THAT:

1.     This Chapter 13 case is converted to a case under Chapter 7 of the Bankruptcy Code.

2.     The Chapter 13 Trustee, within thirty (30) days of the date of this Order shall file an accounting of all receipts and distributions made, together with a schedule of all unpaid debts incurred after the commencement of the Chapter 13 case, as required by Federal Rule of Bankruptcy Procedure 1019(5).

3.     The Chapter 13 Trustee forthwith shall turn over to the Chapter 7 trustee all records and property of the estate remaining in the Chapter 13 Trustee's custody and control, as required by Federal Rule of Bankruptcy Procedure 1019(4).

4.     The Debtor, within fifteen (15) days of this Order, shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 107(c), if such documents have not already been filed.

5.     The Debtor, within thirty (30) days of this Order, shall file:

A.     A schedule of all property not listed in the final report and account of the Chapter 13 Trustee which was acquired after the commencement of the Chapter 13 case but before the entry of this Order;

B.     A schedule of executory contracts entered into or assumed after the commencement of the Chapter 13 case but before the entry of this Order;

C.  A schedule of unpaid debts not listed in the final report and account of the Chapter 13 trustee which were incurred after the commencement of the Chapter 13 case but before the entry of this Order, as required by Federal Rule of Bankruptcy Procedure 1019(5); and

D.  A statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. § 521(2)(A), and Federal Rule of Bankruptcy Procedure 1019(1)(B), and conforming to Official Form 8A.

Dated:  February 13, 2018

By the Court,

_Henry W. Van Eck_

Henry W. Van Eck, Bankruptcy Judge

(KB)

2