```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                                        Case No. 15-00045-HWV
Norman E. Gamble                                                              Chapter 7
            Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-1           User: TWilson              Page 1 of 1              Date Rcvd: Jun 28, 2018
                               Form ID: 318               Total Noticed: 13
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 30, 2018.
```
db             +Norman E. Gamble,    16001 Path Valley Road,    Willow Hill, PA 17271-9709
4591690         COMENITYCB/DENTAL FIRST,    PO BOX 18120,    COLUMBUS, OH 43218
4591692        +KML LAW GROUP PC,    BNY MELLON INDEPENDENCE CENTER,    STE 5000,    701 MARKET ST,
                 PHILADELPHIA, PA 19106-1541
4591695        +ORRSTOWN BANK,    PO BOX 250,    SHIPPENSBURG PA 17257-0250
4591696        +STERLING UNITED PORTFOLIO,    925 S SEMORIAN BLVD STE,    WINTER PARK, FL 32792-5313
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4591688         EDI: BANKAMER.COM Jun 29 2018 03:12:00     BANK OF AMERICA,    PO BOX 982238,
                 EL PASO, TX 79998-2238
4591689        +EDI: CHASE.COM Jun 29 2018 03:06:00      CHASE,    PO BOX 15298,    WILMINGTON, DE 19850-5298
4632384         EDI: BL-BECKET.COM Jun 29 2018 03:34:00      Capital One NA,    c/o Becket & Lee, LLP,    POB 3001,
                 Malvern, PA 19355-0701
4591691        +EDI: RMSC.COM Jun 29 2018 03:28:00     GE CAPITAL RETAIL BANK,    ATTN BANKRUPTCY DEPT,
                 PO BOX 103104,    ROSWELL, GA 30076-9104
4591693         E-mail/Text: camanagement@mtb.com Jun 28 2018 18:53:11      M & T BANK,
                 LEGAL DOCUMENT PROCESSING,    1100 WHERLE DRIVE,    WILLIAMSVILLE, NY 14221
4607593         E-mail/Text: camanagement@mtb.com Jun 28 2018 18:53:11      M&T Bank,    P.O. Box 840,
                 Buffalo, NY 14240-0840
4591694        +E-mail/Text: bsmith@orrstown.com Jun 28 2018 18:53:12      ORRSTOWN BANK,
                 2695 PHILADELPHIA AVE,    CHAMBERSBURG PA 17201-7908
4616239         EDI: Q3G.COM Jun 29 2018 03:40:00     Quantum3 Group LLC as agent for,    Comenity Capital Bank,
                 PO Box 788,    Kirkland, WA 98083-0788
                                                                                               TOTAL: 8

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4591687*       +NORMAN E GAMBLE,    16001 PATH VALLEY ROAD,    WILLOW HILL, PA 17271-9709
4664776*       +Orrstown Bank,    2695 Philadelphia Ave.,    Chambersburg, Pa. 17201-7908
                                                                                   TOTALS: 0, * 2, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 30, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 28, 2018 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              John F Goryl    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              John P Neblett (Trustee)    jpn@neblettlaw.com, pa06@ecfcbis.com
              John W Frey    on behalf of Debtor 1 Norman E. Gamble john@dsslawyers.com, emmalee@dsslawyers.com
              Joshua I Goldman    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Richard L. Bushman    on behalf of Debtor 1 Norman E. Gamble tammy@rbushmanlaw.com
              Thomas I Puleo    on behalf of Creditor    M&T BANK tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 8
```

| | | |
|---|---|---|
| **Information to identify the case:** | | |
| Debtor 1 | **Norman E. Gamble** | Social Security number or ITIN xxx–xx–4863 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **1:15–bk–00045–HWV** | | |

## Order of Discharge                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Norman E. Gamble
aka Norman Erwin Gamble

**By the court:**   *Henry W. Van Eck* (signature)

June 28, 2018

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: TWilson, Deputy Clerk

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                    **Order of Discharge**                    page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**